## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Wossen Assaye

October 28, 1994

Case No. (Criminal) K61134

BY JUDGE GERALD BRUCE LEE

This matter is before the Court upon the Defendant's Motion to Reconsider Sentence. The sentence was imposed on October 21, 1994. The motion will be denied for the reasons which follow.

On September 29, 1989, defendant, Wossen Assaye, convicted of robbery, was sentenced to serve ten years in the penitentiary; five years of the sentence was suspended, five years active probation conditioned upon the defendant's good behavior. Following the defendant's release from prison, he was placed on active probation. The evidence in this matter at the revocation hearing was that the defendant pleaded guilty to petit larceny on July 19, 1994, and was sentenced by the Fairfax General District Court to 12 months in jail with four months probation. The Court's review of the file in this matter weighed very heavily in the decision to commit the defendant to serve the full remainder of the suspended sentence.

The 1989 robbery conviction stems from an incident where the defendant and an accomplice grabbed a sixty-year-old woman, knocked her to the ground, and forcibly took her purse. The victim sustained injuries to her leg, hip, fingers, and hand as a result of the attack. The defendant and his accomplice were caught the same evening, and the victim's purse was recovered.

The defendant's prior record of contacts with the law reveals twelve separate contacts with Juvenile and Domestic Relations Court and a wide variety of offenses, including two simple assault, three burglary, one unlawful entry, and four larceny-related convictions. This offense was his

first felony conviction, and a substantial period of incarceration was imposed.

The criminal justice system has offered a wide variety of services to the defendant in Juvenile Court, and drug treatment was ordered in the Circuit Court. None of these services or the number of contacts with judges, probation officers, or prisons has made an impact on Mr. Assaye. There are limits on the resources the community ought to invest in trying to change the criminal element. We have reached that outer limit with Mr. Assaye.

In considering the appropriate disposition of this revocation proceeding, I was struck by the facts of the case, the defendant's thirteen contacts (including the new offense) with the criminal justice system, and his failure on active probation following a prison sentence. The defendant expresses no remorse, has no employment, and is involved *as before* in crime. The defendant appears to have made a choice to be involved in criminal activity. Unfortunately, the defendant's youth is not a strong point in this case because he has not exhibited any propensity to change in more than ten years of contact with the Courts. On the basis of the foregoing, the defendant's entire prison sentence was imposed.

The motion to reconsider will be denied.